UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FERNANDO D'ARAUJO, <br> A 074-113-955, <br>          Petitioner, <br><br> v. <br><br> ERIC HOLDER, ATTORNEY GENERAL, <br> ET AL., <br>          Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 11-10886-DJC |

## MEMORANDUM AND ORDER

CASPER, D.J.

      On May 17, 2011, Petitioner Fernando D'Araujo ("D'Araujo"), an immigration detainee confined at the Suffolk County House of Correction in Boston, Massachusetts, filed a self-prepared petition for a writ of habeas corpus under 28 U.S.C. § 2241 with an incorporated Memorandum of law and exhibits in support. D'Araujo names as the Respondents: (1) United States Attorney General Eric Holder; (2) Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"); (3) Bruce Chadbourne, United States Immigration and Customs Enforcement ("ICE") Field Office Director for the District of Massachusetts; and (4) Andrea Cabral, Sheriff of Suffolk County.

      D'Araujo, a native of Brazil, claims that his continued detention in ICE custody violates his due process rights as articulated by, *inter alia*, the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v. Kim, 538 U.S. 510, 530 n.14 (2003). D'Araujo alleges that he was taken into ICE custody on May 11, 2010; thereafter, he was ordered removed on December 14, 2010. He appealed the order of removal to the Board of Immigration Appeals ("BIA"), but has not received a decision. D'Araujo claims to be a permanent resident, and has spent more time in ICE detention than in connection with his underlying criminal conviction (on a domestic

violence charge). He claims to have a network of family and friends who are United States citizens, and he contests DHS/ICE's determination that he must remain in detention because he is a danger to the community. D'Araujo requested release from detention on April 8, 2011, but has not received any response. He contends his prolonged detention without an individualized determination as to his dangerousness or risk of flight is unconstitutional and that DHS/ICE has not met the standards to prove deportability or detention. He further contends that he is not charged with removability pursuant to INA § 236(c) (providing for the Attorney General to take into custody an inadmissible or deportable alien); rather, he asserts he was charged with removability under INA § 237(a)(2)(E)(i), which does not subject him to mandatory detention.

He seeks immediate release as well as other relief.

Along with the petition D'Araujo filed two Motions for Appointment of Counsel (Docket Nos. 2 and 3), as well as a Motion for Leave to Proceed *in forma pauperis* (Docket No. 4).

## DISCUSSION

I. The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of D'Araujo's financial affidavit indicating he has no assets or income of any kind, the Court finds that he lacks sufficient funds to pay the $5.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is ALLOWED.

II. The Proper Respondent

In addition to his immediate custodian (Sheriff Andrea Cabral), D'Araujo names as Respondents Attorney General Eric Holder, DHS Secretary Janet Napolitano, and ICE Field Office Director Bruce Chadbourne. The proper respondent in a habeas petition, however, is the petitioner's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate

custodian of petitioner is proper respondent in habeas action).

Accordingly, Sheriff Cabral shall be the sole Respondent to this action, and all other named Respondents shall be dismissed as parties. The Clerk shall modify the docket in accordance with this Order.

III.     The Two Motions for Appointment of Counsel

D'Araujo filed a Motion to Request For a Court Appointed Lawyer (Docket No. 2), arguing that his case is complicated and he cannot afford to hire a lawyer. In a separate Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Docket No. 3), D'Araujo argues that he needs appointed counsel to facilitate discovery because ICE has information and documents relevant to this action bearing on the issue of his removability in the foreseeable future, and because appointment is warranted if an evidentiary hearing is needed.

At this juncture, the Court cannot find that D'Araujo has presented circumstances that would justify appointment of counsel pursuant to 18 U.S.C. § 3006A in the interests of justice.[1] First, to the extent that D'Araujo is challenging the validity of an order of removal, that issue appears to be pending appeal with the BIA, and is not properly before this Court.[2] Second, this

---

[1]Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255. Funds for representation are payable as prescribed in Criminal Justice Act. Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996).

[2]Although D'Araujo contends that he has not received a decision from the BIA, he does not allege that the failure to render a decision on his appeal of the order of removal constitutes a due process violation.

Court lacks jurisdiction to review orders of removal, pursuant to the REAL ID Act of 2005.[3] Third, to the extent that D'Araujo asserts that his over one-year ICE detention -- which includes <u>all</u> time in detention pending removal proceedings rather than time in post-removal order detention -- violates Zadvydas, he has not shown that his continued detention is beyond the presumptively reasonable removal period, particularly where it appears that there is no administratively final order of removal in light of the BIA appeal.[4] Fourth, D'Araujo has not set forth circumstances from which this Court could find that ICE would be unable to remove him to Brazil in the foreseeable future pursuant to a final order of removal. Finally, to the extent that

---

[3] See 8 U.S.C. § 1252(b)(9) and (g). The REAL ID Act explicitly provides that judicial review of removal orders rests exclusively in the appropriate United States Circuit Court of Appeals, and the District Court lacks jurisdiction to review such challenges to removal orders.

[4] Section 1231 of Title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). The removal period begins upon the latest of the following: (i) The date the order of removal becomes administratively final; (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). If the alien is not deported during the 90-day removal period, the alien may be released under continued supervision, see 8 U.S.C. § 1231(a)(3). Under 8 U.S.C. § 1231(a)(6), however, certain classes of aliens, including criminal aliens, may be detained beyond the 90-day removal period. While § 1231(a)(6) does not explicitly limit the time period during which the Attorney General may detain an alien, the Supreme Court has held that due process considerations mandate that detention of criminal aliens under § 1231(a)(6) be limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001); see also Clark v. Martinez, 543 U.S. 371, 386-87 (2005) (applying Zadvydas to inadmissible aliens detained under § 1231(a)(6)). For the sake of uniformity, the Court adopted a six-month period as the presumptively reasonable time period for accomplishing removal. See Zadvydas, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. (emphasis added). Cf. Cesar v. Achim, 542 F. Supp. 2d 897, 904-05 (E.D. Wis. 2008) (detention where removal is not foreseeable is unconstitutional, regardless of length of detention; six-month reasonableness presumption of Zadvydas can be rebutted).

4

D'Araujo claims that he is entitled to an individualized determination with respect to his risk of flight or danger to the community, and that he poses no danger to the community, this Court cannot find that appointment of counsel is warranted on these allegations alone. Rather, the Court would require a response from the Respondent addressing the issues raised by D'Araujo.

For all of these reasons, the Court cannot find that it is in the interests of justice to appoint counsel under the Criminal Justice Act at this time. Accordingly, D'Araujo's Motion to Request For a Court Appointed Lawyer (Docket No. 2) and his Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Docket No. 3) are <u>DENIED</u> without prejudice to renew after a responsive pleading has been filed by the Respondent, and upon good cause shown in light of the response.

Notwithstanding the problems noted above, however, this Court will direct the Clerk to serve the petition and the Respondent to file a response to it.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 4) is <u>ALLOWED</u>;

2. Petitioner's Motion to Request For a Court Appointed Lawyer (Docket No. 2) is <u>DENIED</u>;

3. Petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Docket No. 3) is <u>DENIED</u>;

4. Sheriff Andrea Cabral is the sole Respondent in this action. The Clerk shall terminate all other named Respondents as parties to this action;

5. The Clerk of this Court shall serve a copy of the petition upon (i) Sheriff Andrea J. Cabral
Suffolk County Sheriff's Department / House of Corrections, 20 Bradston Street, Boston, MA 02118; and (ii) the United States Attorney for the District of Massachusetts;

6. The Respondent shall, within 21 days of receipt of this Order, file an answer or other responsive pleading; and

7. The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled removal of Petitioner, and any scheduled transfer of the Petitioner out of the jurisdiction.

SO ORDERED.

                                         /s/ Denise J. Casper
                                         DENISE J. CASPER
                                         UNITED STATES DISTRICT JUDGE

DATED: May 26, 2011